## Home Lumber Co. v. Smith et al.

### (Decided Dec. 15, 1933.)

WILLIS W. REEVES for appellant.

T. E. MOORE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The sole question in this case is one of fact. The Home Lumber Company is a corporation and engaged at Hazard, Ky., in the business of manufacturing and selling building material.

Smith Brothers, a copartnership, composed of Killus Smith and Kinnie Smith, in the early part of the year 1929, decided to erect a building for their use in business at Dwarf. They approached the Home Lumber Company for the purpose of purchasing the material with which to erect it, giving, at the time, the dimension of the proposed building. E. H. Brashear, assistant manager of the Home Lumber Company, with the dimension of the building in his presence, prepared a bill of material, estimated to be necessary to erect the building, according to its outside dimensions.

Kinnie Smith, in the presence of Biram Smith, after the bill of material had been prepared, stated to Brashear that Smith Brothers could not afford to pay an amount exceeding that shown by the estimate, $2,089.55, when Brashear informed him, as he claims, "it would not run over that, probably be a $100.00 less or more than that"; and "the price was guaranteed not to run over that and probably not to that amount." Biram Smith was invited by Kinnie Smith to accompany him to the place of business of the Home Lumber Company to get prices or what the lumber would cost to erect the building, and, after Brashear had finished the estimate, he heard Brashear "agree with Kinnie Smith to furnish material for the building according to plans, for $2,089.55, or less money." After this conversation occurred between Kinnie Smith, Biram Smith, and Brashear, the Smith Brothers decided to change the plan of the building, and arranged with the Home Lumber Company to furnish the additional material for the purpose of constructing the building, according to the change of the plan. The original estimate was figured on the supposition that the building would be two feet off the ground, with foundation posts to be constructed of cement. It was constructed six feet "off of the ground," with concrete retaining walls. The width was increased two feet, two porches, front and rear steps were added; rooms were cut off by partitions, cabinets, showcases, shelving, counters, windows, and doors were added to the original plan. No estimate of the required extra material was asked by Smith Brothers, and none was made by the Home Lumber Company in advance of the furnishing the material. It was obtained by Smith Brothers as it was needed, and invoices of the extra material were made and furnished

by the Home Lumber Company as the same was delivered to Smith Brothers or their agent, when receiving it at the place of business of the Home Lumber Company. The total amount of the extra material claimed by the Home Lumber Company was $1,031.37, but it was discovered by the Home Lumber Company during the pendency of this action that "by a clerical error" it had included in the $1,031.37, $166, which should be deducted. During the progress of the construction of the building, Smith Brothers paid the Home Lumber Company, on September 4th, $700, the 16th, $300, and on October 1st executed their notes for the remainder of the $2,089.55, the original estimate of the material, the parties agreeing at the time to leave out of the settlement the bill for the extra material until the Home Lumber Company "could figure it out."

Failing to agree on the amount Smith Brothers should pay to the Home Lumber Company for the extras, this action was instituted to recover therefor the amount charged by the Home Lumber Company. A mechanics' lien was asserted by filing in the office of the county clerk, within six months after the material was delivered, a statement required by section 2468, Ky. Stats. Smith Brothers filed an answer denying they owed the Home Lumber Company any amount exceeding $520, and further averred that the Home Lumber Company agreed to furnish all the material for $2,089.55, and that it had furnished, in addition to the material covered by the original contract, extra material of the value of only $520, which they tendered in their answer. To corroborate the testimony of Kinnie and Biram Smith, Corbett Brown, an experienced contractor and builder, testified that he had made an estimate of the extra material used in the construction of the building based on what one of the Smiths informed him was the extras in the building. He presented an estimate, as made by him, based on the information given by Smith, and, according to his estimate, the value of the extra material was $520.30. For the Home Lumber Company it is established by W. B. Morton, vice president of the Home Lumber Company, and E. H. Brashear, that the estimate as made by Brashear was on three sheets, and at the top of each sheet was written the word "estimate," and that duplicates thereof were furnished to Smith Brothers before any ma-

848

terial was delivered. These officials stated emphatically that the original figures of $2,089.55 were merely an estimate, and that no guaranty was made to Smith Brothers that the estimation of the material, as made by Brashear, was sufficient to construct the building, according to the plan exhibited by Smith Brothers. It is unnecessary to determine whether the contention of the Home Lumber Company or that of Smith Brothers as to this issue is correct or incorrect. The original estimate was settled by the parties, leaving open for settlement the extras furnished after the estimate was made and used in the construction of the building. The testimony in behalf of the Home Lumber Company is that it actually furnished and delivered to Smith Brothers a list of material shown by the itemization of the extras, and that the prices charged for the material were the same charged in the original estimate for like material; that they were reasonable and the current prices prevailing at the time of the delivery. Brashear testified that an exact copy of the invoice of the extras was mailed to Smith Brothers at Dwarf, as the extra material was delivered. No charge is made in the pleadings and no evidence was offered tending to show that the prices charged in the invoices of the extra material were not correct, unreasonable, or not the prevailing price of each article at the time it was delivered; nor do they deny that they received a copy of the invoices as the extra material was obtained. The only evidence tending to contradict the evidence in behalf of the Home Lumber Company is Brown's, wherein he stated that, from the information given him by Smith Brothers of the extra material as to where it was used in the building, he had made an estimate, and, by the estimate so made, the reasonable prices of the extras were $520.

There is some evidence tending to show that of the 1,200 brick charged in the original estimate only 800 was received and used by Smith Brothers; also that certain framing and window sash or windows were returned by Smith Brothers and that they are entitled to a credit therefor, which the Home Lumber Company had failed to give them.

There is no allegation in their answer authorizing the giving of such credits, but on a return of the case

the parties may make issue by their pleadings if they desire as to these items.

It is an accepted rule of -practice that, where the finding of facts by the chancellor is against the weight of the evidence, or on reviewing it the mind of this court is left in doubt, we will accept the chancellor's finding, but if, upon a review of the evidence for ourselves, we are convinced that it is against a clear preponderance of the evidence it is our duty to decree accordingly. The testimony of Morton and Brashear showing the quantity, quality, and value of the extras furnished by the Home Lumber Company to Smith Brothers, uncontradicted except indirectly by Brown, is sufficient to outweigh the testimony of Brown. We are convinced the judgment is against the preponderance of the evidence. The judgment is reversed, with directions to enter a judgment for the Home Lumber Company, less credit for 400 bricks or other items of material if it be demonstrated that Smith Brothers are entitled thereto, and for which no credit has already been given, and for proceedings consistent with this opinion.